1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    DAVID JESUS FARIS, JR.,                    No. C 09-5396 WHA (PR)

9                 Plaintiff,                    **ORDER OF SERVICE; DENYING**
                                                **APPOINTMENT OF COUNSEL**
10      v.

11   EDMUND G. BROWN, JR., Attorney
     General of the State of California;        (Docket No. 3)
12   NANCY E. O'MALLEY, District
     Attorney of the County of Alameda;
13   JOHN DOE #1, of the Oakland Police
     Crime Laboratory; and JOHN DOE
14   #2, of Highland Hospital,

15                Defendants.
                                        /
16

17                                **INTRODUCTION**

18          Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under

19   42 U.S.C. 1983.  He has been granted leave to proceed in forma pauperis in a separate order.

20                                    **ANALYSIS**

21   A.    **STANDARD OF REVIEW**

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

27   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

28   (9th Cir. 1990).

**United States District Court**
For the Northern District of California

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.""" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges in his complaint that he has requested from defendants that they release biological evidence in their possession.  Plaintiff would like access to such materials in order to conduct a DNA analysis because he believes that it may provide that he was wrongfully convicted of sexual assault in 1998.  Defendants have refused to allow him or his trial attorney access to the biological evidence.  Plaintiff's allegations, when liberally construed, state a cognizable claim for relief against defendants.

**C.    PROPER DEFENDANTS**

Plaintiff names as defendants Bill Lockyer as the Attorney General of the State of California, and Thomas J. Orloff as the District Attorney of the State of California.  These individuals no longer hold those elected positions, however.  Nevertheless, the allegations in the complaint, when liberally construed, indicate that petitioner means to name the current occupants of those position.  Accordingly, defendants Bill Lockyer and Thomas J. Orloff are

United States District Court

For the Northern District of California

2

substituted herein by the current Attorney General, Edmund G. Brown, Jr., and the current

District Attorney, Nancy E. O'Malley.

### CONCLUSION

1.   The clerk shall substitute defendant Bill Lockyer with Edmund G. Brown, Jr., and

defendant Thomas J. Orloff with Nancy E. O'Malley on the court's docket.  The clerk shall

issue summons and the United States Marshal shall serve, without prepayment of fees, copies of

the amended complaint in this matter and copies of this order upon defendants EDMUND G.

BROWN, JR., Attorney General of the State of California, and NANCY E. O'MALLEY,

District Attorney of Alameda County.  Service may be ordered upon the two "Doe" defendants

once plaintiff has supplied the court with their names and addresses.

2.   In order to expedite the resolution of this case, the court orders as follows:

a.  No later than ninety days from the date this order is filed, defendants shall file

a motion for summary judgment or other dispositive motion.  If defendants are of the opinion

that this case cannot be resolved by summary judgment, they shall so inform the court prior to

the date the summary judgment motion is due.  All papers filed with the court shall be promptly

served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

court and served upon defendants no later than thirty days from the date of service of the

motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

*cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c.  Defendants **shall** file a reply brief no later than fifteen days after the date of

service of the opposition.

d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.  Plaintiff's motion for appointment of counsel (docket number 3) is **DENIED** for lack of good cause.  Plaintiff should not file further requests for appointment of counsel in this matter.  His request will be reconsidered sua sponte at a later stage of this proceeding if circumstances warrant.

**IT IS SO ORDERED.**

Dated: November __30__, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\FARIS5396.SRV.wpd

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

**NOTICE -- WARNING**

**(SUMMARY JUDGMENT)**

3      If defendants move for summary judgment, they are seeking to have your case

4   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

5   Procedure will, if granted, end your case.

6      Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

7   Generally, summary judgment must be granted when there is no genuine issue of material

8   fact--that is, if there is no real dispute about any fact that would affect the result of your case,

9   the party who asked for summary judgment is entitled to judgment as a matter of law, which

10  will end your case. When a party you are suing makes a motion for summary judgment that is

11  properly supported by declarations (or other sworn testimony), you cannot simply rely on what

12  your complaint says. Instead, you must set out specific facts in declarations, depositions,

13  answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

14  contradict the facts shown in the defendant's declarations and documents and show that there is

15  a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

16  summary judgment, if appropriate, may be entered against you. If summary judgment is

17  granted, your case will be dismissed and there will be no trial.

18

19

**NOTICE -- WARNING**

**(EXHAUSTION)**

20      If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

21  seeking to have your case dismissed.  If the motion is granted it will end your case.

22      You have the right to present any evidence you may have which tends to show that you

23  did exhaust your administrative remedies.  Such evidence may be in the form of declarations

24  (statements signed under penalty of perjury) or authenticated documents, that is, documents

25  accompanied by a declaration showing where they came from and why they are authentic, or

26  other sworn papers, such as answers to interrogatories or depositions.

27      If defendants file a motion to dismiss and it is granted, your case will be dismissed and

28  there will be no trial.

5