IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JESUS FARIS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, JR., Attorney General of the State of California; NANCY E. O'MALLEY, District Attorney of the County of Alameda; MARY GIBBONS, Director of the Oakland Police Crime Laboratory; and WRIGHT LASSITER III, Chief Executive Officer of the Alameda County Medical Center,<br><br>    Defendants. | No. C 09-5396 WHA (PR)<br><br>**ORDER GRANTING MOTIONS TO DISMISS BY DEFENDANTS BROWN AND O'MALLEY; GRANTING MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS GIBBONS AND LASSITER; GRANTING EXTENSIONS OF TIME; GRANTING REQUESTS FOR JUDICIAL NOTICE**<br><br>(Docket Nos. 12, 14, 16, 18, 20, 24, 27, 28) |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a California prisoner proceeding pro se. Plaintiff claims that defendants Edmund G. Brown, Jr., the Attorney General of the State of California, Nancy E. O'Malley, the District Attorney of the County of Alameda, Mary Gibbons, the Director of the Oakland Police Crime Laboratory, and Wright Lassiter III, the Chief Executive Officer of the Alameda County Medical Center, violated his constitutional rights. He alleges that defendants did not give him several pieces of evidence for DNA testing, which plaintiff maintains would have allowed him to overturn his conviction for various sex offenses. Defendants Brown and O'Malley have filed separate motions to dismiss, and defendants Gibbons and Lassiter have filed separate motions for summary judgment. Plaintiff has filed separate opposition to the motions by Brown, O'Malley and Gibbons.

Plaintiff has not filed an opposition to Lassiter's motion, although he was give an opportunity to do so.

For the reasons set out below, defendants' motions to dismiss and motions for summary judgment are **GRANTED**. Defendants' unopposed requests for judicial notice of records from proceedings in the state trial and appellate courts are also **GRANTED**.

## STATEMENT

The following background is based on the allegations in the complaint and the judicially noticed state court records, including the opinion of the California Court of Appeal affirming plaintiff's conviction and sentence (Compl. ¶¶ 15-32; Brown Req. Jud. Not. Ex. 1 at 4-9).

In 1999, a jury in Alameda County Superior Court convicted plaintiff of a number of sex offenses, along with several other crimes committed during the same crime spree as the sex offenses. Plaintiff seeks to use DNA evidence to overturn his convictions on the sex offenses, which consisted of two counts of rape, two counts of forced oral copulation, assault with intent to commit sodomy, kidnaping to commit rape, and pandering. These convictions were based on evidence that, in the course of committing carjacking, theft and other crimes, plaintiff and an unidentified man kidnaped a woman in her car in Oakland. Both in the car, and later in house, plaintiff forced the victim at gunpoint to perform oral sex on him and to have intercourse with him, and he also attempted to penetrate her anus. Plaintiff and the victim then returned to the car and drove to a place where plaintiff forced her to offer to herself as a prostitute to two individuals. For these and the others crimes of which he was convicted, plaintiff received a sentence of seventy-five years to life plus forty-seven years and eight months in state prison. His convictions and sentence were upheld on appeal.

On May 11, 2004, plaintiff filed a motion in the Alameda County Superior Court for post-conviction DNA testing pursuant to Section 1405 of the California Penal Code (*see* O'Malley Req. Jud. Not. Ex. 2). He sought a "used condom" and a pair of women's underwear that had been recovered from the car where the sexual assaults took place, and "rape kits" for the victim and for plaintiff that had been performed at Highland Hospital shortly after the crimes (*ibid.*). These items were made available to plaintiff during discovery prior to his

criminal trial, but neither he nor the prosecutor conducted DNA testing on them (*id.* Ex. 3). The superior court denied the motion. Petitioner pursued his requests in petitions to the California Court of Appeal and the Supreme Court of California.

In the instant matter, plaintiff seeks from defendants the same items for DNA testing that he sought in his post-conviction motion in the state courts, namely the "used condom," the underwear, and the rape kits, as well as a brassiere that was also recovered from the car where the sexual assaults took place. He claims that defendants' failure to turn the items over to him violates his constitutional rights.

## ANALYSIS

**A.  MOTIONS TO DISMISS**

In their motions to dismiss, defendants Brown and O'Malley both argue that plaintiff's allegations do not state a cognizable claim for relief under Section 1983 because the refusal to turn over the items to him for DNA testing does not violate his constitutional rights.

**1.  STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted. Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), and judicially noticed facts that are not in dispute, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint are taken as true and construed in the light most favorable to the non-moving party, *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and pro se pleadings are construed liberally, *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2.  CLAIMS ONE AND TWO**

In his first and second claims, plaintiff claims that defendants violated his right to

3

substantive and procedural due process by denying him access to evidence for DNA testing. Plaintiff's claims are foreclosed by the Supreme Court decision in *District Attorney's Office For The Third Jud. Dist. v. Osborne*, 129 S. Ct. 2308, 2319-23 (2009), in which the Court held that there was no federal constitutional right to obtain post-conviction access to the state's evidence for DNA testing. In particular, a prisoner has no substantive due process right to obtaining DNA evidence after his conviction. *Id.* at 2322-23. Rather, a person claiming a due process violation with regard to post-conviction DNA testing must show that he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trial has proved otherwise." *Id.* at 2319. If he makes such a showing, the must then show that state's procedure for obtaining DNA evidence is constitutionally inadequate because it "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Id.* at 2320 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)). Because a convicted prisoner has a lesser liberty interest than a criminal defendant who had not yet been convicted, the state correspondingly has more flexibility in deciding what procedural protections to afford in the context of post-conviction relief than in the context of a criminal trial. *Id.* at 2320.

In *Osborne*, the Court found that the plaintiff, a prisoner under judgment of the State of Alaska, had a liberty interest in demonstrating his innocence with new evidence under Alaska state law (thus satisfying the requirement that there be a protected liberty interest) but did not show that the Alaska state procedural protections attendant to that liberty interest were constitutionally inadequate. *Id*. at 2320. Alaska law had provided a substantive right to be released on a compelling showing of new evidence establishing innocence, exempted those claims from statutory time limits, allowed for discovery including access to DNA evidence upon certain conditions, and used procedures similar to other jurisdictions' procedures for requesting DNA testing. *Id.* Alaska also may have provided an additional right of access to DNA evidence using a three-part test for those who could not obtain relief under the general post-conviction procedures. *Id.* at 2321. Because it was the burden of the person seeking DNA evidence "to demonstrate the inadequacy of the state-law procedures available to him in state

4

post-conviction relief," and Osborne had not done so, he had not shown a procedural due process violation. *Id.* at 2324.

Under *Osborne*, in order to show that the denial of his request for post-conviction DNA testing caused a procedural due process violation, plaintiff must show (1) the existence of a protected liberty interest and (2) that California's procedures for protecting that interest violate a fundamental principle of justice or are fundamentally unfair. *See id.* at 2319-21. It would appear that California state law provides a liberty interest comparable to that in Alaska to post-conviction release upon a compelling showing of actual innocence based on newly discovered DNA evidence. *See* Cal. Penal Code § 1485 (providing for discharge from custody upon petition for writ of habeas corpus when there is no legal cause for petitioner's imprisonment or restraint); *In re Weber*, 11 Cal.3d 703, 724 (Cal. 1974) (newly discovered evidence does not warrant relief "unless (1) the new evidence is conclusive, and (2) it points unerringly to innocence"). Even assuming that plaintiff has a protected liberty interest in obtaining the evidence for DNA testing, however, plaintiff's due process claim fails at the second part of the *Osborne* analysis.

In order for California's post-conviction procedure for obtaining DNA evidence, under Section 1405 of the California Penal Code, to violate due process it must "'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgress[] any recognized principle of fundamental fairness in operation.'" *Osborne*, 129 S. Ct. at 2320 (citation omitted). It does not. Section 1405 provides an elaborate scheme under which a person in prison may seek and obtain DNA testing of evidence. Section 1405(a) provides for a written motion to be made by a person seeking performance of DNA testing; Section 1405(c)(1) sets forth the particular showing that the movant must make; Section 1405(b) provides for the appointment of counsel to assist an indigent movant; Section 1405(c)(2) provides for notice to the prosecutorial authority and an opportunity to be heard; Section 1405(d) allows disclosure of results from tests already performed; Section 1405(e) allows for a hearing on the motion; Section 1405(f) provides criteria under which the court "shall grant the motion for DNA testing"; Section 1405(g)(1) provides that, if testing is allowed,

5

the court "shall identify the specific evidence to be tested and the DNA technology to be used"; Section 1405(g)(2) describes a procedure for selecting the laboratory at which testing will be done; Section 1405(h) describes how costs will be allocated and allows for costs not to be allocated to an indigent inmate; Section 1405(j) provides for judicial review by petition for writ of mandate or prohibition; Section 1405(k) provides for testing "as soon as practicable" unless the court orders it expedited; and Section 1405(m) provides that the right to file such a motion is absolute and not waivable.

Indeed, as defendant Brown argues in his motion, California provides more generous procedural protections than the Alaska scheme that was found to satisfy due process in *Osborne*. In California, an applicant for post-conviction DNA testing need not show the evidence to be tested is "newly available" or has been "diligently pursued." *Compare Osborne*, 129 S. Ct. at 2320. In addition, California provides court-appointed counsel to an indigent applicant, Cal. Pen. Code § 1405(b); the state bears the cost of DNA testing if the prisoner is indigent, *id.* § 1405(I); writ relief is available in the appellate courts if the DNA testing motion is denied, *id.* § 1405(j); and law enforcement is required to retain and preserve biological evidence in cases that may involve future post-conviction DNA testing, *id.* § 1417.9. Alaska's procedures for obtaining post-conviction DNA testing, which are not codified, are "newly" developing and have "some uncertainty," do not set include these protections. *See Osborne*, 129 S. Ct. at 2320-21.

There is no indication that consideration of plaintiff's claim pursuant to Section 1405 offended some fundamental principle of justice or was fundamentally unfair so as to violate due process. *Accord Clifton v. Cline*, No. 08-CV-0193, 2009 U.S. Dist. LEXIS 99562, at *17 (E.D. Cal. Oct. 23, 2009) (finding California's procedures for obtaining access to evidence for DNA testing pursuant to Section 1405 satisfy due process requirement of fundamental fairness); *Soderstrom v. Orange County District Attorney*, No. SACV 08-00309, 2009 U.S. Dist. LEXIS 106200, at *15 (C.D. Cal. Oct. 14, 2009) (holding that California's procedures, as in *Osborne*, are entirely adequate to satisfy due process); *Balzarini v. Goodright*, No. C 09-1796, 2009 U.S. Dist. LEXIS 93446, at *7-*8 (N.D. Cal. Oct. 7, 2009) (same). Moreover, plaintiff has not

6

alleged, nor is there any indication in the state court records, that consideration of his DNA testing claim deviated from the elaborate procedural scheme of Section 1405 or that he was not afforded any of its numerous procedural protections. As a result, the alleged facts, when liberally construed and viewed in a light most favorable to plaintiff, do not state a claim that defendants violated his constitutional right to due process by denying his post-conviction request for evidence for DNA testing

### 3. CLAIMS THREE, FOUR AND FIVE

In his third, fourth and fifth claims plaintiff asserts that defendants violated his constitutional rights to access the courts, to due process, and to be free from cruel and unusual punishment, because denying him access to evidence for DNA testing deprived him of the opportunity to present a claim that the victim of the sex crimes was lying and that he was actually innocent of the sex offenses.

Plaintiff's third claim asserts a violation of his constitutional right of access to the courts. To establish a claim for any violation of the right of access to the courts, the prisoner must prove that defendants prevented him from pursuing a non-frivolous claim in the courts. *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). Defendants did not prevent plaintiff from pursuing his claim in the state courts. To the extent plaintiff wished to raise a claim of innocence in state court that relied upon DNA evidence, state law required him to do so by first seeking DNA testing via a motion under Section 1405, which is what plaintiff did. There is no allegation or indication that defendants hindered plaintiff in any way from filing such a motion or from later pursuing his request in the California Court of Appeal and the Supreme Court of California. Although plaintiff's efforts to obtain the evidence were ultimately rejected by the state courts, plaintiff was undisputedly able to pursue his claims in the state courts via California's procedures doing so. These procedures, moreover, were constitutionally adequate, as discussed above.

Nor have defendants prevented plaintiff from pursuing his actual innocence claim in the federal courts. To begin with, it is not at all clear that a claim of actual innocence is cognizable in federal court. *Osborne*, 129 S. Ct. at 2322. Even assuming it is, there are federal discovery

7

1    rules that would allow a petitioner, such as plaintiff, to obtain DNA testing in order to prove his
2    actual innocence claim. *See Osborne*, 129 S. Ct. at 2322 (citing Rule 6 of the Rules Governing
3    Section 2254 Cases). There is no indication or allegation that defendants hindered plaintiff
4    from pursuing an actual innocence claim in a federal habeas petition, or seeking the DNA
5    evidence via habeas discovery procedures.

6    As the allegations in the complaint and the judicially noticed state court records
7    establish that defendants did not deprive him of the opportunity to pursue his claim of actual
8    innocence via the applicable state and federal court procedures, plaintiff's that defendants
9    violated his right of access to the courts fails. For the same reasons, plaintiff's fourth and fifth
10   claims also fail, as those claims also incorrectly assert that defendants deprived him of the
11   opportunity to pursue his actual innocence claim in the courts.

### 4. SIXTH CLAIM

13   In his sixth claim, plaintiff asserts that defendants have "impeded, obstructed and
14   hindered justice." He does not assert the violation of, or cite to, any federal law in this claim,
15   and as such it is not cognizable under Section 1983. He makes an oblique reference to "Equal
16   Protection of the laws," but Section 1405 is a state law that applies to everyone in California
17   who seeks DNA evidence after conviction, and there is no allegation or indication that plaintiff
18   was treated differently from other similarly situated individuals. *See City of Cleburne v.*
19   *Cleburne Living Center*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the
20   Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction
21   the equal protection of the laws,' which is essentially a direction that all persons similarly
22   situated should be treated alike."). Consequently, any Equal Protection claim plaintiff is trying
23   to assert fails.

### 5. SEVENTH CLAIM

25   In his seventh claim, plaintiff claims that defendants have violated his right to due
26   process by refusing "to acknowledge the existence of the exculpatory evidence" that plaintiff
27   sought to subject to DNA testing. There is no due process right to have state officials
28   "acknowledge" evidence. In any event, the state court records are clear that defendants did

8

acknowledge the existence of the evidence, but they simply opposed handing it over to plaintiff for testing after his conviction (O'Malley Req. Jud. Not. Ex. 3). Plaintiff's claim will be dismissed.

### 6. CONCLUSION

Plaintiff's claims, even when the allegations in the complaint and the judicially noticed state court records are liberally construed in hiss favor, fail to state a claim for the violation of his constitutional rights and as such fail to state a cognizable basis for relief under Section 1983. Consequently, the motions to dismiss by defendants Brown and O'Malley will be granted, and their alternative arguments for dismissal need not be reached.

## B. MOTIONS FOR SUMMARY JUDGMENT

Because plaintiff's claims fail to state a cognizable basis for relief under Section 1983, the motions for summary judgment by defendants Gibbons and Lassiter will also be granted. The alternative arguments for summary judgment need not be reached.

## CONCLUSION

The motions for summary judgment filed by defendants Mary Gibbons and Wright Lassiter III (docket numbers 16 and 20) are **GRANTED**. The motions to dismiss filed by defendants Edmund G. Brown and Nancy E. O'Malley (docket numbers 12 and 28) are **GRANTED**. The motions for extensions of time (docket numbers 14 and 18) and the requests for judicial notice (docket numbers 24 and 27) are **GRANTED**.

The clerk shall enter judgment, close the file, and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: September  17 , 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\FARIS5396.MTD&MSJ.wpd

9